## Vangelos et ux. v. Golder Construction Company et al.

*Herbert W. Salus*, for plaintiffs.

*Layton M. Schoch* and *Duane, Morris & Heckscher*, for defendants.

ALESSANDRONI, J., April 13, 1933.—An action in trespass was begun against the defendant on June 11, 1932, on which date a statement of claim was also filed. On July 27, 1932, the affidavit of defense of Golder Construction Company was filed, and on February 14, 1933, the affidavits of defense of Philadelphia Electric Company and Northern Trust Company, Willard N. Lynch and Richard Curry, trustees under the will of Isaac D. Hetzell, deceased, trading as the Keystone Paving and Construction Company, were filed. Plaintiff thereupon moved to strike off the affidavits of defense for the reason that they were filed more than fifteen days subsequent to the filing and service of the statement of claim on the defendants. Said service is alleged to have been made on July 27, 1932, the filing of the affidavits of defense therefore being in violation of the requirements of the Practice Act of 1915.

Judge Lewis, of Common Pleas Court No. 2, in the case of Gross v. Dickinson, 4 D. & C. 505, fully considered this question, and in a well-considered opinion

404

decided that an affidavit of defense cannot be filed in a trespass action more than fifteen days subsequent to the service of the statement of claim without leave of court first obtained for cause shown. It was there indicated that under the Practice Act a distinction is made between trespass actions and assumpsit actions. In the latter there is no penalty for default unless the plaintiff acts to have judgment entered by reason of such default, but in trespass actions a failure to file an affidavit of defense within fifteen days after service of the copy of the statement of claim operates per se as an admission of certain facts that might otherwise have been put at issue. This consequence of the failure to file an affidavit of defense in a trespass action results from the provisions of the Practice Act, and is immediately effective without affirmative action by the plaintiff. Accord: Mount Joy Paper Box Co. v. Kerin, 13 D. & C. 428. Also see Amram, Pennsylvania Practice Act of 1915, 171, et seq., wherein the distinction between trespass actions and assumpsit actions is fully described. It is there indicated that the only proper practice is to obtain leave of court, for cause shown, to file an affidavit of defense in trespass actions more than fifteen days after service of a copy of the statement of claim upon the defendant. Proper pleading and practice requires that parties conform to this rule. The defendants herein having failed to observe it, the affidavits of defense should be stricken off without prejudice.

And now, to wit, April 13, 1933, the rules to strike off the affidavits of defense of Philadelphia Electric Company and Keystone Paving and Construction Company are made absolute without prejudice.